# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-3914
cvergonis@JonesDay.com

March 31, 2017

The Honorable Robert S. Lasnik
United States District Court for
 the Western District of Washington
700 Stewart Street
Seattle, WA  98101

                Re:    *Chamber of Commerce of the United States of America v. City of Seattle,* Case No. 2:17-cv-00370-RSL

Dear Judge Lasnik:

      Yesterday, at the close of argument on the Chamber of Commerce's motion for a temporary restraining order and/or preliminary injunction of Seattle Ordinance 124968, City counsel Michael Ryan suggested that the City would be willing to defer enforcement of the Ordinance while the Court rules on the Chamber's motion.  During this exchange, the City appeared to assert that, in lieu of a court order, it would simply exercise prosecutorial discretion to refrain from pursuing sanctions against the Chamber's members for not disclosing their driver lists before the Court rules on the pending motion. The City's proposal, however, does not provide sufficient relief or alleviate the need for a court order.

      Even if the City agrees to exercise prosecutorial discretion, that does not change the fact that the Chamber's members will remain subject to the legal requirements of the Ordinance once it goes into effect.  If they then decline to disclose their driver lists, they will likely stand in violation of the law.  The Court should prevent this because "forcing [parties] to choose between" violating the law or forgoing their rights "would impose a substantial hardship." *S.B.A. List v. Driehaus*, 134 S. Ct. 2334, 2337 (2014).

      This is particularly applicable here because the Ordinance permits the Teamsters, who are not bound by the City's representations, to seek review of any alleged "violation" of the Ordinance. Ultimately, the Ordinance appears to allow "any aggrieved party" to sue for "all remedies available at law or in equity" as soon as a violation is determined to have occurred, and a plaintiff in such a suit "may be awarded reasonable attorney's fees and costs."  Ordinance § 3(M)(3).  Thus, unless this Court enjoins implementation of the Ordinance, the Chamber's members will still face the Hobson's choice of disclosing their driver lists or potentially violating the Ordinance, and—if they violate the Ordinance—would potentially be subject to damages actions with accompanying requests for attorney's fees.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Robert S. Lasnik
March 31, 2017
Page 2

  The City's proposal is therefore an inadequate substitute for the relief requested. Accordingly, if the Court believes that a delay in implementation of the Ordinance is appropriate, the Chamber respectfully requests that it enter an order enjoining such implementation.

            Very truly yours,

            *s/Christian G. Vergonis*

            Christian G. Vergonis


cc:  Michael Ryan, Esq.