UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
CHAMBER OF COMMERCE OF THE          )    No. C17-0370RSL
UNITED STATES OF AMERICA,           )
                                    )
                  Plaintiff,        )
       v.                           )
                                    )    ORDER DENYING MOTION FOR
THE CITY OF SEATTLE, *et al.*,      )    INJUNCTION PENDING APPEAL
                                    )
                  Defendants.       )
_____ )

This matter comes before the Court on "Plaintiff's Motion for Injunction Pending Appeal" in the above-captioned matter. Dkt. # 67. Having reviewed the memoranda submitted by the parties, the Court finds as follows:

The standard for evaluating an injunction pending appeal is similar to that employed when deciding whether to grant a preliminary injunction. Feldman v. Ariz. Sec. of State's Office, 843 F.3d 366, 367 (9th Cir. 2016). In order to obtain preliminary injunctive relief, plaintiff must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). In the Ninth Circuit, "if a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's

ORDER DENYING MOTION FOR
INJUNCTION PENDING APPEAL

favor, and the other two Winter factors are satisfied." Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013) (internal quotation marks omitted, emphasis in original). Both of these formulations apply to the issue at hand and require the Court to balance plaintiff's likelihood of success on the merits and the relative hardships to the parties. Se. Alaska Conservation Council v. U.S. Army Corps of Eng'rs, 472 F.3d 1097, 1100 (9th Cir. 2006).

Plaintiff offers a simplistic analysis, namely that an injunction pending appeal is warranted because the Court previously entered a preliminary injunction in this case. The balance of merits and hardships is not stagnant, however. The preliminary injunction was entered on expedited briefing and within days of oral argument. The novelty of the Ordinance and the complexity of the antitrust claim convinced the Court maintaining the status quo was appropriate until a more careful and rigorous review of the issues could be completed. That review revealed that the antitrust claim lacked merit: the serious questions the Court perceived have been resolved in the City's favor, and plaintiff makes no attempt to establish error or otherwise show a likelihood of success on appeal. With regard to the balance of hardships, a motion to dismiss was pending when the preliminary injunction issued: any delay in enforcing the Ordinance would either prove to be justified or would be terminated within a matter of months. A stay pending the outcome of an appeal that has just been filed, in contrast, would likely prevent enforcement of the Ordinance for over a year. The legislative enactment at issue is intended to promote the safety and reliability of a vital part of the state's transportation system. The Court finds that the public's interest in these goals weighs heavily against the requested injunction and is not counterbalanced by whatever harm may arise from the disclosures required by the Ordinance.

//

ORDER DENYING MOTION FOR
INJUNCTION PENDING APPEAL             -2-

1       For all of the foregoing reasons, the Court finds that the Chamber has failed to establish a
2 likelihood of success on the merits or that the balance of interests justifies the requested
3 injunctive relief. The motion for an injunction pending appeal is, therefore, DENIED.

      Dated this 24th day of August, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge