UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
CHAMBER OF COMMERCE OF THE            )   No. C17-0370RSL
UNITED STATES OF AMERICA, *et al.*,   )
                                       )
                    Plaintiffs,        )   ORDER RENOTING PLAINTIFFS'
        v.                             )   MOTION FOR SUMMARY
                                       )   JUDGMENT
THE CITY OF SEATTLE, *et al.*,         )
                                       )
                    Defendants.        )
_____)

This matter comes before the Court on "Defendants' Motion to Permit Discovery Necessary to Oppose Summary Judgment." Dkt. # 103. Defendants argue that a continuance of plaintiffs' pending summary judgment motions is necessary so that they can conduct discovery regarding (a) whether the labor exemption to federal antitrust law applies to drivers covered by the City of Seattle Ordinance 124968 and (b) whether the for-hire transportation services offered by plaintiffs depend upon coordinated driver conduct, making the per se rules of unlawful conduct inapplicable. Having reviewed the memoranda and declaration submitted by the parties as well as the underlying motion for summary judgment, the Court finds as follows:

Rule 56(d) offers relief to a litigant who, when faced with a summary judgment motion, "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to

ORDER RENOTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT

justify its opposition."[1] The party seeking a continuance bears the burden of showing the specific facts it hopes to elicit in discovery, that there is reason to believe the facts sought exist, and that the facts are essential to oppose summary judgment. Family Home and Fin. Center, Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008). The party must also show that it has diligently pursued discovery. Qualls By and Through Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir. 1994). If the requesting party cannot support its request for a continuance, the Court may proceed to summary judgment. Id. If, on the other hand, an appropriate showing is made, the Court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

By agreement of the parties, discovery in this matter has not yet commenced. See Dkt. # 98 at 1. Plaintiffs have filed a motion for summary judgment seeking a determination that the City's Ordinance is preempted by federal antitrust laws because it authorizes per se illegal group boycotts and/or price fixing.[2] Dkt. # 100. Defendants, in responding to the motion for summary judgment, intend to argue that the "labor" exemption to the federal antitrust laws applies. 15 U.S.C. § 17 ("The labor of a human being is not a commodity or article of commerce" subject to regulation under the Clayton Act). The argument is not frivolous,[3] and discovery from ride referral services and drivers regarding (a) whether the for-hire drivers are selling their labor, as

---

[1] Subdivision (d) of Rule 56 "carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56, Advisory Committee Note to the 2010 Amendments.

[2] Seattle amended the Ordinance in January 2019 to eliminate the provisions authorizing collective bargaining over the nature and amount of payments between drivers and ride referral companies. See Dkt. # 100-1.

[3] Plaintiffs argue that the labor exemption applies only in the context of an employer-employee relationship, not to independent contractors. The exemption uses the phrase "labor of a human being," however, and a recent Supreme Court decision makes clear that, at the time the Clayton Act was written, even the narrower term "employment" encompassed both master-servant relationships and independent contractors. New Prime Inc. v. Oliviera, __ U.S. __, 139 S. Ct. 532, 542-44 (2019).

opposed to a product or service that qualifies as a commodity under the antitrust laws, (b) the nature and scope of the drivers' entrepreneurial investments in training, vehicles, and other business expenditures, and (c) the drivers' control over the supply of whatever commodity they are selling is needed to support the argument. In addition, defendants hope to be able to show that the product the ride referral companies are selling - namely, ready access to a private car and driver at a predetermined (fixed) price - requires a certain degree of cooperation between and among the drivers in order to make the product available at all. If that is the case, the per se rules of illegality under the antitrust laws may be inapplicable, and the Court would have to decide whether the undeniable restraint on trade arising from that cooperation is nevertheless reasonable in that it allows the product to be offered and does not unnecessarily restrict competition or decrease output. See Am. Needle, Inc. v. Nat'l Football League, 560 U.S. 183, 203 (2010); NCAA v. Bd. of Regents of Univ. of Okla., 468 U.S. 85, 98-103 (1984). Discovery regarding what powers and authority the drivers cede to the ride referral companies, the process by which the ride referral applications can generate a single ride option at a fixed price, and the market appeal and efficiencies of the coordinated selling arrangement will inform the initial determination of whether the activities at issue here can only be carried out jointly.

Defendants have shown that the facts they hope to elicit from further discovery are essential to oppose summary judgment and, given the procedural posture of this case, they have not yet had an opportunity to pursue their investigation of these matters. For all of the foregoing reasons, the motion for a 56(d) continuance (Dkt. # 103) is GRANTED. In light of the delay in ruling on this motion, the Clerk of Court is directed to renote plaintiffs' motion for summary judgment (Dkt. # 100) on the Court's calendar for Friday, November 22, 2019.

Dated this 4th day of June, 2019.

Robert S. Lasnik
United States District Judge

ORDER RENOTING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT           -3-