Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, and RASIER, LLC<br><br>     *Plaintiffs*,<br> v.<br>CITY OF SEATTLE *et al.*<br>     *Defendants*. | Case No. 17-cv-00370-RSL<br><br>**NOTICE OF PLAINTIFF CHAMBER OF COMMERCE REGARDING POSSESSION, CUSTODY, OR CONTROL OF ITS MEMBERS' DOCUMENTS** |

  In a joint submission regarding discovery, Defendant City of Seattle sought an order from this Court compelling Plaintiff Chamber of Commerce to produce documents belonging to its members, including Lyft, Inc. and Eastside for Hire. (Dkt. 113.) The Chamber responded that it has no obligation to do so because it lacks possession, custody, or control of its members' documents.

  On March 10, this Court ruled on the submission. (Dkt. 116.) The Court explained that a party served with a discovery request is obligated to produce only those documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). And in the Ninth Circuit, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a

Notice of Chamber of Commerce Re: Control of Members' Documents - 1
Case No. 17-cv-00370-RSL

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

legal right to obtain the document or has control over the entity who is in possession of the document." *Campos-Eibeck v. C R Bard Inc.*, 2020 WL 835305, at *2 (S.D. Cal. Feb 20, 2020). In light of that standard, the Court ordered the Chamber to "notify the Court whether it has the power to obtain and produce the documents requested by the City of Seattle in its First Set of Requests for Production," given the Chamber's "relationship with its members and whatever authorization gives it the right to pursue this litigation." (Dkt. 116 at 4–5.)

The Chamber hereby notifies the Court that it has no legal power—other than invoking Rule 45 of the Federal Rules of Civil Procedure, which is precisely what Seattle has already done—to obtain and produce the requested documents from the Chamber's members that are not parties to this litigation. All of the documents the City is seeking are in the possession, custody, and control of the Chamber's members. No source of authority grants the Chamber the legal power to require businesses to produce documents for the purpose of litigation or otherwise. There is also no authority that gives the Chamber any legal control over any other independent business (such as Lyft and Eastside for Hire).

The Chamber brings any suit (including this one) because it believes it is in the best interests of the Chamber, its members, the broader business community, and indeed of the United States of America itself.  Just like any corporate entity, the Chamber has the well-established right to bring suit in its own name, and has done so for decades.  Sometimes the Chamber brings suit because of its own injury—injury caused to the Chamber itself as an organization—to establish Article III jurisdiction. *Chamber of Commerce v. SEC*, 412 F.3d 133, 138 (D.C. Cir. 2005) ("the Chamber has suffered an injury-in-fact").  Sometimes the Chamber brings suit because of injuries to the myriad businesses, other associations, or individuals that are its members, and where it does so the Chamber relies upon the well-established doctrine of associational standing.  That is this case, as this Court already correctly ruled.  (Dkt. 66 at 6 (finding that the Chamber has associational standing, in part because "[t]he third prong of the *Hunt* test is satisfied")).  And sometimes the Chamber relies upon both its own injury and the

Notice of Chamber of Commerce Re: Control of Members' Documents - 2
Case No. 17-cv-00370-RSL

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

injuries of its diverse membership.  *See, e.g.*, *Nevada v. United States Dep't of Labor*, 275 F. Supp. 3d 795, 800 (E.D. Tex. 2017) ("the Final Rule directly affects both Business [Associations] and the employers they represent").  In all of these cases, the Chamber's legal right as a corporate entity to bring suit is a separate issue from how the Chamber establishes the Article III jurisdiction of a federal court to decide the particular case.

This Court's March 10 order nonetheless states that, if the Chamber lacks the power to obtain and produce its members' documents, then it is "not an appropriate representative of its members entitled to invoke the court's jurisdiction." (Dkt. 116 at 5.) The Chamber disagrees for the reasons already stated in the joint discovery submission. (Dkt. 113 at 12). The Court's anticipatory conclusion is wrong for additional reasons. To begin with, the third prong of the *Hunt* test for associational standing is "prudential," not jurisdictional. *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 954 n.9 (9th Cir. 2002). (*Contra* Dkt. 116 at 5 n.1.) And in any event, "standing is to be determined as of the commencement of suit," not afterward. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.5 (1992). This Court previously concluded (rightly) that the Chamber has standing to pursue this action on behalf of its members.

If this Court concludes (wrongly) that the Chamber now lacks standing because it cannot produce documents from other persons that the City could obtain via other means under the Federal Rule of Civil Procedure, then the Chamber requests that the Court enter final judgment dismissing the Chamber with an express determination that "that there is no just reason for delay" of an appeal. Fed. R. Civ. P. 54(b).

Notice of Chamber of Commerce Re: Control of Members' Documents - 3
Case No. 17-cv-00370-RSL

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

| | | |
|---|---|---|
| 1 | Dated: April 7, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | | By:  *s/ Timothy J. O'Connell* |
| 4 | | Timothy J. O'Connell, WSBA 15372<br>STOEL RIVES LLP |
| 5 | | 600 University Street, Suite 3600<br>Seattle, WA 98101 |
| 6 | | (206) 624-0900<br>(206) 386-7500 FAX |
| 7 | | Tim.oconnell@stoel.com |
| 8 | | Michael A. Carvin<br>(D.C. Bar No. 366784) |
| 9 | | (pro hac vice) |
| 10 | | Christian G. Vergonis<br>(D.C. Bar No. 483293) |
| 11 | | (pro hac vice) |
| 12 | | Robert Stander<br>(D.C. Bar No. 1028454)<br>(pro hac vice) |
| 13 | | JONES DAY |
| 14 | | 51 Louisiana Avenue, N.W.<br>Washington, D.C.  20001 |
| 15 | | (202) 879-3939<br>(202) 616-1700 FAX |
| 16 | | mcarvin@jonesday.com |
| 17 | | Steven P. Lehotsky<br>(D.C. Bar No. 992725)<br>(pro hac vice) |
| 18 | | U.S. CHAMBER LITIGATION CENTER |
| 19 | | 1615 H Street, N.W.<br>Washington, D.C. 20062 |
| 20 | | (202) 463-3187<br>slehotsky@uschamber.com |
| 21 | | ATTORNEYS FOR PLAINTIFF CHAMBER |
| 22 | | OF COMMERCE OF THE UNITED<br>STATES OF AMERICA |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |

Notice of Chamber of Commerce Re: Control of Members' Documents - 4
Case No. 17-cv-00370-RSL

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties who have appeared in this case.

DATED: April 7, 2020, at Seattle, Washington.

STOEL RIVES LLP

*s/ Timothy J. O'Connell*
Timothy J. O'Connell,
WSBA No. 15372
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
Email: tim.oconnell@stoel.com